**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**ALFRED HENRY**                                                                  **PLAINTIFF**

**VS.**                                                  **CIVIL ACTION NO. 2:09cv161-KS-MTP**

**MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,**                            **DEFENDANT**

**<u>MEMORANDUM OPINION</u>**

This cause comes before this court *sua sponte* for consideration of dismissal upon Plaintiff's failure to prosecute and to otherwise comply with the orders of the court. Based on the record in this case and the applicable law, the court finds that this matter should be dismissed without prejudice.

Appearing *pro se*, Plaintiff filed this social security-related matter on August 17, 2009. Though styled as an "SS Benefit Request," the matter appears to be an appeal following a decision by the Appeals Council denying review of an adverse decision of an Administrative Law Judge. *See* Record [8-3], p. 5. Plaintiff was granted leave to proceed *in forma pauperis* on October 6, 2009, and the Standing Local Order relating to social security cases was entered the day after. *See* Docket [4][5].

The Commissioner answered and filed the administrative record on March 3, 2010. Pursuant to the Standing Local Order [5]*,* Plaintiff's dispositive motion and brief were due thirty days after the filing of the Defendant's answer. However, Plaintiff did not file a dispositive motion or other pleading within thirty days of the answer, nor has he filed any other pleadings in the nearly eighteen months that this case has been pending.

Recognizing that Plaintiff is appearing *pro se*, the court entered an order [10] on January 5, 2011, reminding Plaintiff of his obligation to file a dispositive motion and brief and setting a final deadline of February 3, 2011 to do so. Plaintiff was warned that his failure to file an appropriate motion may result in the final dismissal of this matter. Despite the warning and the additional time provided, Plaintiff did not file a motion or any other pleading as ordered and has not communicated with the court

since filing his complaint in August of 2009.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute pursuant to Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the court. *Link*, 370 U.S. at 629-30.

With its clear record of delay, this case may properly be dismissed under rule 41(b). *Heil v State of Texas*, 664 F.2d 1273, 1274-75 (5th Cir. 1982); *see also Larson v Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (affirming dismissal where plaintiff had been warned that dismissal could result from his failure to comply with court order); *Balawajder v Parker*, 56 F.3d 1386 (5th Cir. 1995). Plaintiff has not complied with the Standing Local Order and the court's subsequent order [10], nor is he pursuing this action in any way. Accordingly, a dismissal without prejudice is warranted.

A final judgment in accordance with this memorandum opinion will be entered.

SO ORDERED on the 8th day of February, 2011.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE